UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CAPITAL ONE, N.A., d/b/a CAPITAL ONE
AUTO FINANCE,

                           Plaintiff,                 **MEMORANDUM & ORDER**
                                                                    2:16-CV-6534 (PKC) (SIL)

      - against -

AUTO GALLERY MOTORS, LLC,
SMITHTOWN CHEVROLET, LLC, and
DENNIS SCHWARTZ,

                           Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Capital One Auto Finance brings this suit against Defendants Auto Gallery, Smithtown Chevrolet, and Dennis Schwartz, alleging breach of contract and fraudulent misrepresentation. On September 30, 2019, the Court granted in part and denied in part Plaintiff's unopposed motion for summary judgment against Auto Gallery and awarded Plaintiff damages and attorneys' fees ("September 2019 Order"). *See generally Capital One, N.A. v. Auto Gallery Motors, LLC*, No. 16-CV-6534 (PKC) (SIL), 2019 WL 4805253 (E.D.N.Y. Sept. 30, 2019). The Court deferred its judgment, however, because of the absence of information necessary to calculate and verify the award. *Id.* at *6. On October 31, 2019, in accordance with the Court's order, Plaintiff submitted affidavits in support of its request. (Plaintiff's Affidavit, Dkt. 54.) Auto Gallery has failed to respond, which was due on November 13, 2019. On November 27, 2019, Plaintiff submitted a supplemental affidavit regarding its attorneys' fees request in response to the Court's November 20, 2019 Order. (Plaintiff's Supplemental Affidavit ("Pl.'s Supp."), Dkt. 55.) For the reasons stated below, the Court finds that Plaintiff is entitled to damages in the amount of $164,482.40 and attorneys' fees in the amount of $149,857.05.

# DISCUSSION

I. **Damages**

In its September 2019 Order, the Court found that Plaintiff is entitled to damages, and directed Auto Gallery to either repurchase the fifteen Receivables specified in Plaintiff's motion for summary judgment or pay the outstanding indebtedness due on the Receivables as provided in the agreement between the parties ("Dealer Agreement"). *Capital One*, 2019 WL 4805253, at *5–6. Plaintiff represents that Auto Gallery is not in the business of automobile financing and repurchase of the Receivables would be impracticable. (Plaintiff's Affidavit, Dkt. 54, ¶ 5.) The Court agrees and finds monetary damages appropriate in this case. *See Ace Sec. Corp. Home Equity Loan Tr., Series 2007-HE3 ex rel. HSBC Bank USA, Nat. Ass'n v. DB Structured Prod., Inc.*, 5 F. Supp. 3d 543, 554 (S.D.N.Y. 2014) (finding money damages in lieu of repurchase appropriate and noting that "where the granting of equitable relief appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy").

The Dealer Agreement provides the calculation for the repurchase price as "equal to the total outstanding indebtedness then currently due under the terms of said Receivable." (Dealer Agreement (Exhibit 1), Dkt. 48-4, at 3.) In the September 2019 Order, the Court agreed that this calculation was an adequate method for calculating damages in this case, but found that a single affidavit was insufficient to establish damages. *Capital One*, 2019 WL 4805253, at *6. In accordance with the Court's order, Plaintiff submitted the affidavit of Joseph Allison, a Capital One employee responsible for overseeing dealer monitoring, and transaction history reports for each Receivable. (Affidavit of Joseph Allison, Dkt. 54-1, ¶¶ 3–4; *see also id.* at ECF[1] 5−52.) The

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Court is satisfied with Plaintiff's submission and finds that the total outstanding indebtedness currently due is $164,482.40. Therefore, Plaintiff is entitled to $164,482.40 in damages.

## II.  Attorneys' Fees

In the September 2019 Order, the Court held that Plaintiff was entitled to attorneys' fees as provided in the Dealer Agreement. *Capital One*, 2019 WL 4805253, at *6. Plaintiff now seeks attorneys' fees in the amount of $261,784.65.[2]

### A.  Legal Standard

In the Second Circuit, a "presumptively reasonable fee" must be calculated using the "lodestar," *i.e.*, multiplication of a reasonable hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Millea v. Metro–N. R.R.*, 658 F.3d 154, 166 (2d Cir. 2011). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP) (WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). A district court should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of [attorneys'] fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis

---

[2] The total gross fees charged by McGuireWoods were $291,154.00 and were discounted to $261,784.65 under the agreement between Plaintiff and its attorneys. (*See* Certification of Philip A. Goldstein, Dkt. 54-2, ¶¶ 5−6.)

3

omitted).  A "presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'"  *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation omitted).

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates.  *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 n.6 (2d Cir. 1999).  Likewise, if claimed hours are insufficiently documented, "the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought."  *Wise v. Kelly*, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008) (citing *Hensley*, 461 U.S. at 434; *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *N.Y.S. Ass'n for Retarded Children*, 711 F.2d at 1146).

### B.  Reasonableness of Hourly Rates

Plaintiff is represented by attorneys with the law firm of McGuireWoods LLP.  Plaintiff seeks attorneys' fees for work performed by four partners/counsels, five associates/staff attorneys, six paralegals, and four non-attorney, non-paralegal staff members, as shown in the table below.  (*See* Pl.'s Supp., Dkt. 55.)[3]

| Name | Position | Hours Worked | Fees Requested | De Facto Hourly Rate |
|---|---|---|---|---|
| Phillip Chang | Partner | 298.9 | $152,973 | $512 |

---

[3] Each attorney's level of experience is set forth *infra*.

| Name | Role | Hours | Amount | Rate |
|---|---|---|---|---|
| Bryan Fratkin | Partner | 0.7 | $403 | $576 |
| Philip Goldstein | Counsel | 14.7 | $7,618 | $518 |
| Seth Schaeffer | Partner | 0.2 | $118 | $590 |
| Amanda Goldstein | Associate | 7.0 | $2,100 | $300 |
| Anthony McGavran | Associate | 5.0 | $2,225 | $445 |
| James McNichol | Associate | 171.8 | $66,444 | $387 |
| Michael Stark | Associate | 60.6 | $21,210 | $350 |
| Jennifer Neuner | Staff Attorney | 33.2 | $7,470 | $225 |
| Connor Symons | Paralegal | 144.1 | $25,222 | $175 |
| Bonnie Powell | Paralegal | 2.4 | $420 | $175 |
| Nicolas Treviso | Paralegal | 4.6 | $827 | $180 |
| Candy Guerrero | Paralegal | 18.8 | $3291.50 | $175 |
| Jacqueline Thomas | Paralegal | 0.7 | $122.50 | $175 |
| David Sclafani | Paralegal | 0.8 | $140 | $175 |
| Victoria Levy | Librarian | 1.9 | $142.50 | $75 |
| Gregory Stoner | Library Manager | 1.0 | $75 | $75 |
| Emily Morrison | Case Assistant | 4.0 | $300 | $75 |
| Cynthia Smith | Librarian | 0.7 | $52.50 | $75 |

"Courts have found that the prevailing hourly rates in this district are generally between $300 and $400 for law firm partners, $200 to $300 for senior associates, and $100 to $200 for junior associates." *LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, No. 16-CV-2752 (KAM) (JO), 2019 WL 3082478, at *2 (E.D.N.Y. July 15, 2019); *see Johnson v. City of New York*, No. 11-CV-6176 (ENV) (CLP), 2016 WL 590457, at *5 (E.D.N.Y. Feb. 11, 2016) ("As benchmarks, judges of this Court have awarded between $300 and $450 for partners in large law firms and for attorneys with extensive experience with the particular issues of a case; between $200 and $325 for senior associates and for attorneys with limited experience with the particular issues involved in the subject case; and $100-$200 for junior associates, or attorneys with little or no experience with the particular issues."). "Complex cases of long duration litigated by well-experienced counsel warrant a court to consider a comparatively high hourly rate, while less complex matters, even if litigated by experienced counsel, support a lower rate." *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-CV-2262 (DRH) (AYS), 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, No. 10-CV-2262 (DRH), 2019 WL 2869150 (E.D.N.Y. July 3, 2019); *see, e.g.*, *McLaughlin v. IDT Energy*, No. 14-CV-4107

(ENV) (RML), 2018 WL 3642627, at *17 (E.D.N.Y. July 30, 2018) (awarding in a class action case the hourly rates of "$550 for partners/equity owners with more than thirty years of experience, $500 for partners/equity owners with more than fifteen years of experience, $450 for partners/equity owners with more than ten years of experience, $400 for senior associates/associates with more than ten years of experience, $350 for senior associates/associates with six to nine years of experience, $300 for associates with three to five years of experience, $250 for associates with fewer than three years of experience, and $75 for paralegals/administrative assistants")

The hourly rates Plaintiff seeks are at the higher end of the range typically awarded to attorneys in this district, given the straightforward nature of this case. While some cases may be particularly complicated and warrant a higher amount, the claims in this case are not complex, arising out of Defendant Auto Gallery's misrepresentations in loan applications submitted to Plaintiff in breach of the Dealer Agreement. Indeed, these claims, based primarily on state contract law and involving no specialized legal expertise, were largely resolved by an unopposed summary judgment motion. *See Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 212–13 (E.D.N.Y. 2019) (awarding $425 for a partner with expertise and $325 for a partner without specific expertise in a case where "the nature of the work in this case was not sufficiently complex or difficult to litigate as to justify a rate at the high end of the range of fees typically awarded" (internal quotation marks and citations omitted)); *cf. U.S. ex rel. Doe v. Acupath Labs., Inc.*, No. 10-CV-4819, 2015 WL 1293019, at *10 (E.D.N.Y. Mar. 19, 2015) (finding $600 appropriate for a partner with over 25 years of experience and knowledge of a "specialized area of law" in *qui tam* litigation).

Therefore, considering the nature of this case and the attorneys' experience, the Court finds the following rates to be reasonable for partners/counsels: $450 for partners/counsels with more

6

than twenty years of experience, $425 for partners/counsels with more than fifteen years of experience, and $400 for partners/counsels with more than ten years of experience. *See Hormel Foods Sales, LLC v. Ship Side Food Serv., Inc.*, No. 16-CV-1595 (LDH) (PK), 2018 WL 3202076, at *2 (E.D.N.Y. Mar. 23, 2018) ($450 for a partner with twenty years of experience); *Almond v. PJ Far Rockaway, Inc.*, No. 15-CV-6792 (FB) (JO), 2018 WL 922184, at *1–2 (E.D.N.Y. Feb. 15, 2018) ($450 for a partner with seventeen years of experience); *Houston v. Cotter*, 234 F. Supp. 3d 392, 402–03 (E.D.N.Y. 2017) ($400 for a partner in a large law firm). For associates, the Court awards $300 for associates with more than eight years of experience, $275 for associates with more than five years of experience, and $250 for associates with fewer than five years of experience. *See LG Capital Funding*, 2019 WL 3082478, at *3 ($250 for a fourth-year associate); *Hormel Foods Sales*, 2018 WL 3202076, at *3 ($325 for an associate with more than ten years of experience); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 263 (E.D.N.Y. 2014) ($275 for an associate with seven years of experience and $225 for an associate with four years of experience). Regarding Plaintiff's request for an hourly rate of $225 for a staff attorney with more than 20 years of experience, the Court finds that to be reasonable. *See Shim v. Millennium Grp.*, No. 08-CV-4022 (FB) (VVP), 2010 WL 2772493, at *3–4 (E.D.N.Y. June 21, 2010) ($250 for a staff attorney), *report and recommendation adopted*, No. 08-CV-4022 (FB) (VVP), 2010 WL 2772342 (E.D.N.Y. July 12, 2010); *Jin v. Pac. Buffet House, Inc.*, No. 06-CV-579 (VVP), 2010 WL 2653334, at *3 (E.D.N.Y. June 25, 2010) (noting that "between $240 and $270" was reasonable for a staff attorney); *see also McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 390 (S.D.N.Y. 2017) ($200 for staff attorneys). For paralegals, the Court finds an hourly rate of $100 appropriate for those with significant experience and an hourly rate of $70 appropriate for those with less or minimal experience. *See Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420 (KAM)

(SMG), 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018) ("In recent cases in this district, the court has found hourly rates ranging from . . . $70 to $100 for paralegal assistants to be reasonable."); *see also Feltzin*, 393 F. Supp. 3d at 214 (finding $70, "the lowest in the applicable range," appropriate for an unnamed paralegal). Lastly, the Court finds Plaintiff's request for an hourly rate of $75 for librarians and case assistants to be reasonable. *See Amerisource Corp. v. Rx USA Int'l Inc.*, No. 02-CV-2514 (JMA), 2010 WL 2160017, at *11 (E.D.N.Y. May 26, 2010) (finding $80 reasonable for support staff).

Based on Plaintiff's representations regarding the attorneys' experience, the Court sets the following hourly rates: $450 for Bryan Fratkin, a partner with twenty-four years of experience (Pl.'s Supp., Dkt. 55, ¶ 2); $425 for Philip Goldstein, a counsel with eighteen years of experience (*id.* at ¶ 5); $400 for Phillip Chang, a partner with twelve years of experience (*id.* at ¶ 1), and Seth Schaeffer, a partner with fifteen years of experience (*id.* at ¶ 9); $300 for Anthony McGavran, an associate with nine years of experience (*id.* at ¶ 6); $275 for James McNichol, an associate with six years of experience (*id.* at ¶ 7), and Michael Stark, an associate with seven years of experience (*id.* at ¶ 10); $250 for Amanda Goldstein, an associate with five years of experience (*id.* at ¶ 4); $225 for Jennifer Neuner, a staff attorney with over twenty years of experience (*id.* at ¶ 8); $100 for Bonnie Powell, Candy Guerrero, Jacqueline Thomas, and David Sclafani, who are paralegals with over ten years of experience (*id.* at ¶¶ 12, 14–16); $70 for Connor Symons and Nicolas Treviso, who were paralegals with less than five years of experience at the time (*id.* at ¶ 11, 13); and $75 for the rest of the support staff (*id.* at ¶ 17).

C.    **Reasonableness of Hours Billed**

Plaintiff submitted contemporaneous billing records setting forth the dates and amount of time during which services were rendered, the fees charged, and a description of the services

performed. (*See* Certification of Philip A. Goldstein, Dkt. 54-2, at ECF 30−47.) The records detail 771.1 hours of work performed by nineteen lawyers and staff members over two years.

Before delving into the time records, the Court first notes that Plaintiff sought to recover damages based on misrepresentations relating to twenty-nine Receivables, fifteen of which were the subject of the partial summary judgment order and amounted to $164,482.40. While there are fourteen Receivables remaining and more recovery is possible, the attorneys' fees sought by Plaintiff in the amount of $261,784.65 would be plainly unacceptable to a paying client, if for no other reason than that the fees exceed the recovery amount by more than half.[4] *See Alicea v. City of New York*, 272 F. Supp. 3d 603, 611 (S.D.N.Y. 2017) ("No reasonable attorney would have billed a paying client in this type of case the hours for which the Firm seeks compensation, especially at the rates charged—a client would not pay and would negotiate some sort of fee reduction.").

Based on its review of a sample of the submitted billing records, the Court finds a pattern of excessive hours spent on various tasks. *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) ("[W]hen reviewing voluminous fee applications, it is unrealistic to expect courts to evaluate and rule on every entry in an application . . . ." (internal quotation marks and citations omitted)). For instance, Plaintiff's letter motion to compel discovery, filed on December 19, 2017, was a little over two pages. (*See* Plaintiff's motion to compel, Dkt. 26.) Yet, by the Court's calculation, Plaintiff's counsel spent approximately 13.5 hours (4.5 hours by a partner, 7.2 hours by a senior associate, and 1.8 hours by a staff attorney) drafting and reviewing the letter motion, *excluding* the time spent on compiling the exhibits. (*See* Certification of Philip A.

---

[4] The difference between the claimed attorneys' fees of $261,784.65 and the damages award of $164,482.40 is approximately $97,000, which represents 59% of the damages recovered for Plaintiff relating to the fifteen Receivables.

Goldstein, Dkt. 54-2, at ECF 34−35.) The December 19 letter asserts the straightforward proposition that third parties should be compelled to produce relevant materials and cites to four cases. (*See* Plaintiff's motion to compel, Dkt. 26.) Similarly, Plaintiff's second letter motion to compel discovery, filed on February 16, 2018, was four pages, excluding exhibits, and yet, a partner and two senior associates spent, respectively, approximately 1.3 hours, 6.7 hours, and 2.9 hours preparing the letter motion. (*See* Plaintiff's motion to compel, Dkt. 30; Certification of Philip A. Goldstein, Dkt. 54-2, at ECF 37.) Again, the letter asserts the straightforward argument that Auto Gallery failed to produce relevant documents and cites to five cases discussing the general standard for motions to compel. The Court is further dismayed by the firm's practice of staffing three attorneys on each motion. *See Ng v. King Henry Realty, Inc.*, No. 16-CV-13 (PAE) (JCF), 2016 WL 6084074, at *7 (S.D.N.Y. Oct. 7, 2016) ("While having two attorneys research and participate in drafting a brief is a common practice and therefore not necessarily duplicative, three to four is excessive given the straightforward nature of this case." (internal quotation marks and citation omitted)). The number of hours expended on these motions therefore should be reduced. *See Rich Prod. Corp. v. Impress Indus., Inc.*, No. 05-CV-187S (WMS), 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008) (reducing claim for 7.6 hours to 3 hours for a simple motion to compel); *Marano v. Aaboe*, No. 05-CV-9375 (BSJ) (RLE), 2007 WL 3195156, at *4 (S.D.N.Y. Oct. 29, 2007) (reducing claim for 16 hours to 3 hours for a motion to compel without complex legal analysis).

      The Court also calculated the number of hours one partner spent preparing for the deposition of Auto Gallery. Along with associates also billing approximately 14.6 hours for this deposition preparation, the partner alone billed approximately 50.4 hours to prepare for and conduct a six-hour deposition. (Certification of Philip A. Goldstein, Dkt. 54-2, at ECF 40−43.)

The Court, familiar with the facts of this case, finds the hours were excessive and should be reduced. *See Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, No. 13-CV-5475 (JS) (AKT), 2018 WL 7291396, at *13 (E.D.N.Y. Aug. 24, 2018) (finding that "spending approximately 125 attorney hours to prepare for two [expert] depositions is entirely excessive" and imposing a 75% reduction); *Marshall v. Randall*, No. 10-CV-2714 (JBW) (VVP), 2013 WL 12347282, at *7 (E.D.N.Y. Jan. 24, 2013) (reducing claim for 37.85 hours to 20 hours for depositions that took five hours to conduct).

The pattern of excessive hours continues with the motion for partial summary judgment. By the Court's calculation, in addition to others who also billed for this task, a senior associate spent approximately 81.6 hours drafting and revising the motion for partial summary judgment and a partner spent 35 hours reviewing the draft. (Certification of Philip A. Goldstein, Dkt. 54-2, at ECF 42−47.) This is an unreasonable amount of time for experienced attorneys to spend on a motion that did not raise complex legal issues or involve a complicated factual record, and should be reduced. *See Standish v. Fed. Express Corp. Long Term Disability Plan*, No. 15-CV-6226 (MAT), 2017 WL 874689, at *3 (W.D.N.Y. Mar. 6, 2017) (finding 116.2 hours billed for a summary judgment motion excessive and reducing it to 85 hours); *Sheet Metal Workers' Nat. Pension Fund v. Coverex Corp. Risk Sols.*, No. 09-CV-121 (SJF) (ARL), 2015 WL 3444896, at *16 (E.D.N.Y. May 28, 2015) (finding approximately 40 hours spent on drafting a motion for partial summary judgment excessive and imposing a 30% reduction).

"It is common practice in this Circuit to reduce a fee award by an across-the-board percentage where a precise hour-for-hour reduction would be unwieldy or potentially inaccurate." *Alicea*, 272 F. Supp. 3d at 612 (internal quotation marks and citation omitted); *see Marion S. Mishkin Law Office*, 767 F.3d at 150 ("[A district court may] exercise its discretion and use a

percentage deduction as a practical means of trimming fat [from a fee application]." (internal quotation marks and citations omitted)). Therefore, the Court finds that a 30% across-the-board reduction in the total hours claimed by Plaintiff's counsel is warranted here. *See Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015) (summary order) (affirming a 30% reduction for block billing); *Caban v. Employee Sec. Fund of the Elec. Prod. Indus. Pension Plan*, No. 10-CV-389 (SMG), 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015) (imposing a 33% reduction across the board for excessive billing); *see also Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) ("Fee reductions around 30% are, further, common in this District to reflect considerations of whether work performed was necessary, leanly staffed, or properly billed." (collecting cases)).

In sum, the Court awards Plaintiff attorneys' fees in the amount of $149,857.05, calculated by both adjusting the attorneys' hourly rates and discounting the total number of hours claimed. The table below lists the hours each attorney/staff worked, the adjusted hourly rates, and the fees discounted by 30%.

| Name | Position | Hours Worked | Adjusted Hourly Rate | Discounted Fees |
|---|---|---|---|---|
| Phillip Chang | Partner | 298.9 | $400 | $83,692.00[5] |
| Bryan Fratkin | Partner | 0.7 | $450 | $220.50 |
| Philip Goldstein | Counsel | 14.7 | $425 | $4,373.25 |
| Seth Schaeffer | Partner | 0.2 | $400 | $56.00 |
| Amanda Goldstein | Associate | 7.0 | $250 | $1,225.00 |
| Anthony McGavran | Associate | 5.0 | $300 | $1,050.00 |
| James McNichol | Associate | 171.8 | $275 | $33,071.50 |
| Michael Stark | Associate | 60.6 | $275 | $11,665.50 |
| Jennifer Neuner | Staff Attorney | 33.2 | $225 | $5,229.00 |
| Connor Symons | Paralegal | 144.1 | $70 | $7,060.90 |
| Bonnie Powell | Paralegal | 2.4 | $100 | $168.00 |
| Nicolas Treviso | Paralegal | 4.6 | $70 | $225.40 |
| Candy Guerrero | Paralegal | 18.8 | $100 | $1,316.00 |
| Jacqueline Thomas | Paralegal | 0.7 | $100 | $49.00 |
| David Sclafani | Paralegal | 0.8 | $100 | $56.00 |

---

[5] For example, Mr. Chang's Discounted Fees were calculated by multiplying the Hours Worked (298.9) by the Adjusted Hourly Rate ($400) and then reducing that amount by 30%.

| | | | | |
|---|---|---|---|---|
| Victoria Levy | Librarian | 1.9 | $75 | $99.75 |
| Gregory Stoner | Library Manager | 1.0 | $75 | $52.50 |
| Emily Morrison | Case Assistant | 4.0 | $75 | $210.00 |
| Cynthia Smith | Librarian | 0.7 | $75 | $36.75 |
| Sum | | | | $149,857.05 |

## III.  Prejudgment Interest

"Under New York law, a plaintiff that prevails on a claim for breach of contract is entitled, as a matter of right, to prejudgment interest from the date of breach until the entry of final judgment." *Boyce v. Soundview Tech. Grp., Inc.*, No. 03-CV-2159 (HB), 2005 WL 627780, at *2 (S.D.N.Y. Mar. 17, 2005) (citing, *inter alia*, *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991)); *see* N.Y. C.P.L.R. § 5001. "Where . . . damages for breach of contract are incurred at various times after the date of the breach, 'interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" *Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-121 (JPO) (JCF), 2015 WL 409525, at *8 (S.D.N.Y. Jan. 16, 2015) (quoting N.Y. C.P.L.R. § 5001(b)). The Court may award prejudgment interest *sua sponte*. *See Rhodes v. Davis*, 628 F. App'x 787, 793 n.2 (2d Cir. 2015) (summary order) ("The district court has discretion to award [plaintiff] prejudgment interest under § 5001(a), regardless of whether he specifically requested it." (citations omitted)); *Newburger, Loeb & Co. v. Gross*, 611 F.2d 423, 434 (2d Cir. 1979) ("[I]t is well-established that federal courts may award prejudgment interest even when it is not demanded in the complaint." (citation omitted)); *see also* Fed. R. Civ. P. 54(c) ("Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

While Plaintiff does not explicitly request prejudgment interest in its motions, the complaint "contained a clear, though brief, demand for the [prejudgment] interest," *Boyce*, 2005 WL 627780, at *2. (Complaint, Dkt. 1, at 17 ("Award to COAF reasonable attorney's fees, interest and costs . . . .").) Because damages were incurred at various times between August 31, 2015 and

13

November 7, 2015, *see Capital One*, 2019 WL 4805253, at *2, the Court chooses October 1, 2015 as the intermediate date from which prejudgment interest shall incur. The end date for prejudgment interest shall be the date of this Memorandum and Order and not the date of the Memorandum and Order on the partial summary judgment motion. *See Ariz. Premium Fin. Co. v. Emp'rs Ins. of Wausau, of Wausau Am Mut. Co.*, 586 F. App'x 713, 717 (2d Cir. 2014) (summary order) (affirming award of prejudgment interest until the date the judgment was entered, not when liability was determined); *United States v. Sage*, No. 97-CV-1153 (JFK), 2006 WL 2690004, at *2 (S.D.N.Y. Sept. 19, 2006) (amending judgment to include prejudgment interest accrued as of the date of amendment). Therefore, Plaintiff is entitled to prejudgment interest at the statutory rate of 9% per annum from October 1, 2015, to the date of this Memorandum and Order. *See* N.Y. C.P.L.R. § 5004. The Court awards Plaintiff prejudgment interest for the damages award in the amount of $64,039.98.[6]

## CONCLUSION

---

[6] The Court does not award prejudgment interest on the attorneys' fees. Since the Dealer Agreement does not have a provision on prejudgment interest, it is unclear whether Plaintiff is entitled to recover prejudgment interest on the attorneys' fees under N.Y. C.P.L.R. § 5001. *Compare Ursa Minor Ltd. v. Aon Fin. Prod., Inc.*, No. 00-CV-2474 (AGS), 2001 WL 1842042, at *9 (S.D.N.Y. May 30, 2001) ("[I]nterest may only be added to a contractual award of attorneys' fees if explicitly provided for in the agreement." (citing *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1267 (2d Cir. 1987))), *with CARCO GROUP, Inc. v. Maconachy*, 718 F.3d 72, 87–88 (2d Cir. 2013) (distinguishing *Krear* and noting in *dicta* that "[a]lthough § 5001 does not explicitly mention attorneys' fees, Appellate Division courts have cited to § 5001 in approving or otherwise discussing an award of interest on contract-based attorneys' fees"). However, the Court need not decide this issue. Assuming *arguendo* that Plaintiff is entitled to such interest under N.Y. C.P.L.R. § 5001, the interest only accrues from the date "the party seeking fees was determined to be the prevailing party." *Solow Mgmt. Corp. v. Tanger*, 797 N.Y.S.2d 456, 458 (N.Y. App. Div. 2005); *see id.* ("Attorney fees are not damages for breach of any substantive provision of a contract or substantive property right. Rather, they represent a conditional award or prerogative which does not mature until the underlying action or proceeding has been determined. In the court's opinion that establishes the appropriate date from which interest should flow." (citations omitted)). Therefore, no prejudgment interest on the attorneys' fees award has accrued as of the date of this Memorandum and Order.

For the reasons stated above, the Court finds that Plaintiff is entitled to damages in the amount of $164,482.40 and attorneys' fees in the amount of $149,857.05, plus prejudgment interest in the amount of $64,039.98.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 27, 2020
      Brooklyn, New York